UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

RODRIGO ARBOMEDA-ARBOMEDA,

                            Petitioner,

      -v.-

UNITED STATES OF AMERICA,

                           Respondent.

------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC. #:** _____
**DATE FILED:** _6/10/11_

REPORT AND
RECOMMENDATION

10 Civ. 7910 (RJH) (JLC)

(Non-ECF Case)

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Richard J. Holwell, United States District Judge:**

Petitioner Rodrigo Arbomeda-Arbomeda, a/k/a Rodrigo Arboleda-Arboleda

("Arbomeda"), has moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §

2255. On June 23, 2009, Arbomeda pled guilty to illegal reentry into the United States as a

deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Following his guilty plea, the

Court sentenced Arbomeda to 46 months in prison, to be served consecutively to an

undischarged sentence on a New York state conviction for illegal drug possession. Arbomeda,

proceeding pro se, contends that his trial counsel was ineffective during the sentencing phase of

these proceedings because counsel failed to request that his sentence for the federal conviction

run concurrently with the undischarged sentence for his state conviction. Arbomeda filed the

present petition for writ of habeas corpus, claiming that his attorney's error led to a violation of

his Sixth Amendment right to effective trial counsel.

Because For the reasons set forth below, I recommend that Arbomeda's motion be DENIED.

1

USDC SDNY
DATE SCANNED____6/10/11____

# I.     BACKGROUND

## A.  Factual Background

On September 3, 2008, New York City Police Officers arrested Arbomeda for illegal drug possession and held Arbomeda in state custody at Rikers Island.  Arbomeda subsequently pled guilty to criminal possession of a narcotic drug in the fourth degree, a class D felony, and on December 3, 2008, the Queens County Supreme Court sentenced Arbomeda to two years' imprisonment, followed by two years' post-release supervision.  On September 8, 2008, prior to Arbomeda's sentencing on the narcotics charge, an officer of the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") encountered Arbomeda at Rikers Island.  The United States subsequently charged Arbomeda with illegally reentering the United States after having been removed subsequent to a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a), (b)(2).  On February 9, 2009, an indictment on the illegal reentry charge was filed in federal court.  Arbomeda appeared before the Court on a writ of habeas corpus ad prosequendum on March 11, 2009, and on June 23, 2009, Arbomeda pled guilty to one count of illegal reentry before the Honorable Henry B. Pitman, United States Magistrate Judge, at which point Judge Pitman ordered a Pre-Sentence Investigation ("PSI").  On July 21, 2009, the Honorable Richard J. Holwell, United States District Judge, accepted Arbomeda's guilty plea.

Arbomeda, along with his trial counsel, appeared before the Court on October 16, 2009 for sentencing.  After reviewing the PSI and the sentencing recommendation of Arbomeda's probation officer, Judge Holwell asked Arbomeda's trial counsel to address the appropriate

sentence for his client. (Sentencing Hr'g Tr. 2:13-3:12, Oct. 16, 2009).[1] Defense counsel stated

that the guidelines provided by the Federal Sentencing Guidelines were appropriate and

requested that the Court impose the recommended 46-month sentence with three years of

supervised release. (Id. 3:13-18). Judge Holwell then addressed defense counsel:

> THE COURT: Now, has the defendant served time under a recent state conviction?
> MR. SCHNEIDER: Yes, your Honor . . . It was either a D or C class felony, for which the sentence was two years in state prison. He has since served at least one year of that sentence. So, yes, he is currently doing time for the New York State situation.

(Id. 3:19-4:4).

Upon accepting the factual recitations in the PSI report, the Court stated that the

applicable guideline range was 46 to 57 months in prison based on a total offense level of 21 and

a Criminal History Category of III. (Id. 4:24-5:2). Defense counsel provided no further

statements before the Court pronounced the recommended 46-month sentence with three years of

supervised release. (Id. 5:12-18) In pronouncing its sentence, the Court stated:

> THE COURT: I have imposed this sentence after taking into account all of the factors set forth in the sentencing statute including the guideline range set forth in the Sentencing Guidelines.
> I have accepted the recommendation of defense counsel to sentence the defendant at the low end of the guideline range in light of the defendant's own particular circumstances and background, as well as the fact that he has also served time for his state law conviction.
> I find that 46 months is the minimum necessary to meet all of the goals set forth in the sentencing statute.

(Id. 7:2-12) (emphasis added).

Arbomeda filed no direct appeal of his sentence with the United States Court of Appeals

for the Second Circuit within the 14-day limit required by Federal Rule of Appellate Procedure

---

[1]   The transcript of the sentencing hearing is attached as Exhibit A to the Government's memorandum in opposition to the motion.

4(b)(1).

### B. Procedural History

On October 4, 2010, Arbomeda, proceeding pro se, timely filed the present motion to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective

assistance of his trial counsel at sentencing. (Dkt. No. 1).[2] Arbomeda contends that he was

denied his Sixth Amendment right to effective trial counsel when his attorney failed to request

that his sentence run concurrently with his undischarged state court sentence imposed on

December 3, 2008. The United States Attorney's Office (the "Government") filed a

memorandum of law in opposition to Arbomeda's motion on March 3, 2011. The Government

argues that defense counsel did not act unreasonably by failing to address the issue of

Arbomeda's state court conviction in terms of a consecutive or concurrent sentence.

(Memorandum of Law of the United States of America in Opposition to Defendant Rodrigo

Arbomeda-Arbomeda's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

His Sentence ("Gov't's Opp'n") at 8) (Dkt. No. 13 in criminal case (United States v. Arbomeda-

Arbomeda, No. 09 Cr. 0123 (RJH)) (not filed in civil case)). In addition, the Government

contends that even if counsel's assistance was objectively unreasonable, Arbomeda was not

prejudiced by his ineffectiveness because the Court had discretion to determine whether the

federal sentence should run consecutively or concurrently with the state sentence. (Id. at 9).

---

[2]      Section 2255(f) provides a one-year statute of limitations for habeas petitions. Arbomeda's judgment of
conviction was entered on November 18, 2009. Because Arbomeda did not file an appeal, his conviction became
final ten days later. Fed. R. App. P. 4(b)(1); see Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("[A]n
unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). Since
Arbomeda was incarcerated at the time he filed his petition, he benefits from the "prison mailbox rule," which
provides that a complaint is deemed filed on the day it is handed to the prison officials for mailing. Houston v.
Lack, 487 U.S. 266, 276 (1988). Arbomeda's petition is dated and, because of the prison mailbox rule, deemed filed
on October 4, 2010. His petition is therefore timely.

Thus, the Government concludes that Arbomeda cannot demonstrate a "reasonable probability that [the outcome] of the proceeding would have been different" had defense counsel made an explicit request for a concurrent sentence. (Id. at 10 (quoting Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994)).

Arbomeda filed a reply to the Government's opposition on March 21, 2011. (Dkt. No. 4). In his reply, Arbomeda argues that he was prejudiced by his trial counsel's ineffectiveness because he was entitled to a concurrent sentence due to an undue delay in his transfer to federal custody. (Id. at 4). Arbomeda claims that the Court's mere awareness of his undischarged state sentence did not suffice to ensure that the Court consider the possibility of a departure from the sentencing guidelines on grounds of undue delay. (Id. at 6-7). Arbomeda concludes that his Sixth Amendment rights were violated because of his trial counsel's failure to raise the possibility of a concurrent sentence. (Id. at 1).

## II.     DISCUSSION

### A.     Standard of Review

To obtain relief under 28 U.S.C. § 2255, a prisoner in federal custody must show that his sentence: "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). Collateral relief is available only for a constitutional error "that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). A counsel's ineffective assistance at trial or at sentencing may be grounds for collateral relief under Section 2255. See Massaro v. United States, 538 U.S. 500, 504 (2003); Glover v. United

5

States, 531 U.S. 198, 203-04 (2001). While generally, claims not raised on direct appeal may not be raised on collateral review absent cause and prejudice, a petitioner may assert a claim of ineffective assistance of counsel on a motion to vacate under Section 2255 for the first time on collateral review. See Massaro, 538 U.S. at 504; Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982).

Courts analyze ineffective assistance of counsel claims under the framework established by the Supreme Court in Strickland v. Washington. 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must (1) demonstrate that counsel's performance fell below an "objective standard of reasonableness" evaluated under existing professional norms, and (2) prove prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687-89, 693-94; see also Gueits v. Kirkpatrick, 612 F.3d 118, 122 (2d Cir. 2010).

Under the first Strickland prong, the reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. In evaluating counsel's effectiveness, the court must assess the case from the viewpoint of the attorney at the time of the challenged conduct or omission. Lockhart v. Fretwell, 506 U.S. 364, 371 (1993). Rather than strictly scrutinizing every move that an attorney makes, the court must focus on whether counsel's behavior was so unreasonable as to represent a "breakdown in the adversarial process that our system counts on to produce just results." Strickland, 466 U.S. at 696. The failure to raise particular claims may, in some circumstances, rise to the level of unreasonableness contemplated in Strickland. Claudio v. Scully, 982 F.2d 798, 803 (2d Cir. 1992) (citing Strickland, 466 U.S. at 690, 694). However, "[g]enerally, only when ignored issues are clearly stronger than those presented, will the

6

presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986) (cited in Smith v. Robbins, 528 U.S. 259, 288 (2000)). A claim of ineffective assistance of counsel based on counsel's failure to raise a particular claim may prevail only if such claim would likely have succeeded on the merits. Counsel's failure to make a meritless argument does not constitute a Sixth Amendment violation. United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995); Santiago v. United States, No. 02 Civ. 5604 (RMB), 2003 WL 22966282, at *5 (S.D.N.Y. Dec. 16, 2003).

In addition to proving that counsel's assistance was objectively unreasonable, Arbomeda must also prove that counsel's ineffectiveness prejudiced the outcome of his case. Strickland, 466 U.S. at 694; Gueits, 612 F.3d at 122. This requires the court to examine "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart, 506 U.S. at 372. In the context of a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, a petitioner must show that but for counsel's deficiency, the court would have imposed a more favorable sentence. See Glover, 531 U.S. at 203; Puglisi v. United States, 586 F.3d 209, 215 (2d Cir. 2009); Berkovits v. United States, Nos. 98 Civ. 585 (PKL), 95 Cr. 221 (PKL), 1998 WL 289691, at *3 (S.D.N.Y June 4, 1998).

In light of Strickland and its progeny, Arbomeda must prove a reasonable likelihood that, but for his attorney's ineffectiveness, the Court would have imposed a concurrent, rather than consecutive, sentence. The United States Sentencing Guidelines provide a framework for determining whether to impose a concurrent or a consecutive sentence. Under the revised guidelines, if the defendant has an undischarged state sentence for an offense that is "relevant conduct" to the instant federal offense, and the state sentence resulted in an increase in the offense level for the instant federal offense, then the Court must order that the sentence for the

7

instant offense run concurrently to the remainder of the defendant's undischarged term of imprisonment for the separate offense.  U.S. Sentencing Guidelines Manual § 5G1.3(b) (2011). In the same vein, if the instant offense was committed while the defendant was serving a term of imprisonment for a separate offense, then the Court must order that the sentence for the instant offense run consecutively with any undischarged term of imprisonment for the separate offense. See id. § 5G1.3(a).

The guidelines further provide that, "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."  Id. § 5G1.3(c).  In making this determination, the Court may consider many factors, including the need to provide just punishment for the offense, the need to afford adequate general and specific deterrence to criminal conduct, and the history and characteristics of the defendant. Id. § 3553(a).  Moreover, as the Supreme Court has held that the sentencing guidelines are merely advisory in nature, the Court may tailor the sentence in light of other concerns as well.  Kimbrough v. United States, 552 U.S. 85, 101 (2007) (citing United States v. Booker, 543 U.S. 220, 245-46 (2005)).

### B.    Trial Counsel's Performance at the Sentencing Hearing was Not Deficient

The Government argues that defense counsel did not act unreasonably in failing to address the possibility of a concurrent sentence in explicit terms because defense counsel made it clear to the Court that Arbomeda had served—and was continuing to serve—time under a recent state conviction.  As such, the Government argues that Arbomeda's ineffective assistance of counsel claim cannot prevail under the first Strickland prong.

8

In order to satisfy this prong, a petitioner must prove that counsel's performance fell below an objective standard of reasonableness evaluated against prevailing professional norms. Strickland, 466 U.S. at 687-89.  Here, counsel's failure to explicitly request a concurrent sentence does not rise to the level of unreasonableness contemplated by Strickland.  As the Government observes, at the time that counsel failed to explicitly request a concurrent sentence, the Court was well aware of Arbomeda's undischarged state sentence.  The Court reviewed the PSI report, which included a description of the New York state judgment.  Moreover, because Arbomeda was in federal custody pursuant to a writ of habeas corpus ad prosequendum, the Court could infer that Arbomeda had been removed from state custody in order to be prosecuted in federal court.  Finally, when the Court inquired about Arbomeda's undischarged term of imprisonment at sentencing, his counsel informed the Court that Arbomeda was currently serving the remaining time on that sentence.  In light of this information, counsel could have reasonably assumed that Judge Holwell was aware of the sentencing guidelines with respect to the effect of undischarged sentences, and was aware that he had discretion in determining whether Arbomeda's sentence for the instant offense should run concurrently with his undischarged sentence.  Thus, it was not objectively unreasonable for counsel to omit an explicit request for a concurrent sentence after informing Judge Holwell of Arbomeda's undischarged term of imprisonment.

**C.    Arbomeda Was Not Prejudiced as a Result of Trial Counsel's Performance**

Even if the Court were to find that Arbomeda's trial counsel acted unreasonably in failing to request a concurrent sentence, Arbomeda cannot prove that counsel's deficiency prejudiced the Court's sentencing decision.  In order to succeed on a claim of ineffective assistance of counsel, the second Strickland prong requires a petitioner to affirmatively prove prejudice.

9

Strickland, 466 U.S. at 693-94. Arbomeda must establish that there is a reasonable likelihood that, but for his attorney's ineffectiveness, the Court would have imposed a concurrent, rather than consecutive, sentence.

### 1. The Court had Discretion to Determine Whether the Sentence Should Run Consecutively or Not

Because Arbomeda's state drug possession conviction was not "relevant conduct" to the instant offense,[3] and because Arbomeda did not commit the illegal reentry offense while serving the term of imprisonment for his state possession conviction,[4] the Court had full discretion in determining whether to order the instant sentence to run consecutively to his undischarged sentence. In light of this discretion, Arbomeda cannot prove that the Court would have imposed a concurrent sentence if his counsel had explicitly requested one. In fact, the record demonstrates that the Court took Arbomeda's undischarged sentence into account when ordering a consecutive sentence. Judge Holwell considered "defendant's own particular circumstances and background, as well as the fact that he has also served time for his state law conviction" before accepting defense counsel's recommendation to sentence Arbomeda at the low end of the guideline range. (Sentencing Hr'g Tr., 7:6-12, Oct. 16, 2009). Because the Court reduced

---

[3]    The "relevant conduct" provisions of the Sentencing Guidelines support the notion that a particular offense should receive a more serious sentence if it was accompanied by additional criminal activity. Witte v. United States, 515 U.S. 389, 403 (1995). If the Court increases the defendant's offense level and imposes a more severe sentence, having taken into account the commission of the accompanying offense, the Guidelines advise courts to counteract this increase by ordering the sentences to run concurrently. Id. at 405. This approach serves to "mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." Id. The record does not indicate that Judge Holwell considered Arbomeda's possession conviction as relevant conduct to his reentry offense. As such, the Court was not bound by § 5G1.3(b), and was not required to impose a concurrent sentence to mitigate the possibility of a grossly increased sentence.

[4]    Courts have held that, for purposes of the Sentencing Guidelines, illegal reentry is a continuing offense, and thus commences upon the alien's illegal reentry into the United States and continues until the alien is found by immigration authorities. See, e.g., United States v. Rivera-Ventura, 72 F.3d 277, 282 (2d Cir. 1995); United States v. Constantine, 417 F. Supp. 2d 337, 340 (S.D.N.Y. 2006). Thus, for purposes of determining whether a consecutive sentence is required, the Court should consider the instant offense to have occurred when Arbomeda arrived in the United States, prior to his sentencing for drug possession charges, which occurred on December 3, 2008.

Arbomeda's sentence in light of the time he had already served on his state sentence, it is

unlikely that the Court would have further reduced his sentence by ordering that it run

concurrently with the undischarged state sentence.  Therefore, Arbomeda cannot prove the

requisite level of prejudice needed to succeed on his ineffective assistance of counsel claim.

### 2.  Arbomeda Was Not Entitled to a Concurrent Sentence on Grounds of Prosecutorial Delay

To show prejudice, Arbomeda relies on a line of cases decided in the Second Circuit

holding that deliberate prosecutorial delay may serve as grounds for a downward departure from

the sentencing guidelines when the delay resulted in a missed opportunity to impose a concurrent

sentence.  See, e.g., United States v. Los Santos, 283 F.3d 422, 428 (2d Cir. 2002).  However,

Arbomeda's reliance on these cases is misplaced.  These cases stand for the proposition that a

court may impose a shorter sentence when the defendant has missed his opportunity to serve a

concurrent sentence as a result of the prosecutor's deliberate delay in seeking an indictment.  See

id.  Courts allow downward departures from the sentencing guidelines' recommended sentence

length in such cases because they recognize that the Government, by waiting to charge or acquire

custody over the defendant until a previous sentence is nearly expired, can render the question of

concurrent sentences moot, and remove the Court's discretion to order a concurrent sentence.

See, e.g., United States v. Martinez-Salazar, 318 F. Supp. 2d 127, 130 (S.D.N.Y. 2004).  This

line of cases only applies in situations where the defendant missed an opportunity to serve a

concurrent sentence due to a delay in bringing the defendant into federal custody.

The reasoning from Los Santos does not apply to Arbomeda's case because any alleged

delay did not eliminate the possibility of a concurrent sentence.  At the time of sentencing for

Arbomeda's illegal reentry charge, Arbomeda still had more than one year remaining on his state

sentence.  Thus, the opportunity for a concurrent sentence was still available; the Court merely

used its discretion to determine that a consecutive sentence on the low end of the guideline range

would better serve the interests of justice.  (See Sentencing Hr'g Tr. 7:2-12).  Counsel's alerting

the Court to the Los Santos line of cases and explicitly asking for a concurrent sentence would

not have overcome the fact that those cases do not apply to Arbomeda's circumstances.

Therefore, Arbomeda has not shown that counsel's failure to raise the issue prejudiced his

sentence.

  Even if the Court did extend the logic of the Los Santos line of cases to apply in

situations where the Court must determine whether to impose a concurrent sentence, Arbomeda

still would not succeed on his claim because he did not experience delay in being prosecuted for

his illegal reentry charges.  A departure from the sentencing guidelines on the basis of

prosecutorial delay requires that "the delay must either have been in bad faith or have been

longer than a reasonable amount of time for the government to have diligently investigated the

crime involved such that the delay takes the case out of the heartland."  Los Santos, 283 F.3d at

428.  The circumstances permitting such departures are very narrow, and the statute of

limitations is still the principal protection for defendants against prejudice due to deliberate

prosecutorial delay.  Martinez-Salazar, 318 F. Supp. 2d at 131; see United States v. Lovasco, 431

U.S. 783, 796 (1977) (rejecting use of Sixth Amendment right to speedy trial to second guess

timing of indictments); United States v. Marion, 404 U.S. 307, 324-26 (1971) (rejecting use of

Fifth Amendment right to due process for same purpose).  Federal prosecutors must be granted

some reasonable period to investigate a defendant's immigration status or to process the

paperwork necessary to secure federal custody.  Compare Martinez-Salazar, 318 F. Supp. 2d at

132 (delay of 21 months between time defendant discovered and time writted into federal court

unreasonable) with Los Santos, 283 F.3d at 429 (four-month delay reasonable given need to investigate before seeking indictment).

Here, we calculate delay between the day that ICE officers encountered Arbomeda on Rikers Island—September 8, 2008—and the day that Arbomeda appeared in federal court on a writ of habeas corpus ad prosequendum—March 11, 2009. See 8 U.S.C. § 1326; see also Rivera-Ventura, 72 F.3d at 282 (statute of limitations for illegal reentry offense does not begin to run until alien is found by INS). The delay in this case lasted six months. There is no evidence to indicate that this six-month delay resulted from the Government's deliberate intention to increase the amount of time that Arbomeda would serve in custody. In addition, while the delay in this case is slightly longer than the delay found to be reasonable in Los Santos, it certainly does not rise to the level of unreasonableness found in Martinez-Salazar. Even if the Court applied the reasoning laid out in this line of cases, the delay in Arbomeda's prosecution was not sufficiently unreasonable to require the Court to impose a concurrent sentence.

Furthermore, the Government was well within the statute of limitations to prosecute Arbomeda for illegal reentry. Section 1326(a)(2) of Title 8, which allows prosecution of an alien who, having previously been deported from the United States, subsequently enters, attempts to enter, or is at any time found in, the United States without prior express consent of the Attorney General, is subject to the five-year statute of limitations generally applicable to all non-capital federal offenses. 18 U.S.C. § 3282; see also United States v. Morgan, 380 F.3d 698, 701 (2d Cir. 2004). Thus, the Government had up to five years after September 8, 2008 to indict Arbomeda for illegal reentry. The fact that Arbomeda was indicted six months after ICE discovered his presence in the country does not suggest any deliberate delay by the Government.

13

Finally, we note that the holdings in these cases only address the issue of departures from the sentencing guidelines, and only serve as permissive, rather than mandatory rules. <u>Los Santos</u>, 283 F.3d at 426 (court had discretion in deciding whether to issue downward departure from sentencing guidelines). Even if the Court were to extend the logic from this line of cases to the present situation, and even if the Court found that the prosecutorial delay of six months in the present situation was unreasonable, the Court's decision to impose a consecutive rather than concurrent sentence does not constitute a departure from the sentencing guidelines. Furthermore, the guidelines give the Court discretion in deciding whether to impose a concurrent, partially concurrent, or consecutive sentence, and the Court acted within that discretion in determining Arbomeda's sentence. The holding in <u>Los Santos</u> does not require the Court to depart from the sentencing guidelines, and it certainly does not require the Court to impose a concurrent sentence in a case like Arbomeda's. Given that the Court had discretion in determining the type of sentence imposed, and since it considered Arbomeda's undischarged state sentence in rendering its decision, it is unlikely that the Court would have imposed a concurrent sentence had counsel explicitly requested one. As a result, Arbomeda has failed to demonstrate the prejudice required to succeed on his ineffective assistance of counsel claim.

**D.     A Hearing is Not Required**

28 U.S.C. § 2255(b) provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." In light of the foregoing discussion of the merits of Arbomeda's claims and because the motion, the files, and

14

records of the case conclusively show that Arbomeda is entitled to no relief, no hearing is required here.

### III.    CONCLUSION

For the foregoing reasons, I recommend that Arbomeda's motion to vacate, set aside, or correct his sentence be DENIED.

### PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Holwell and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Holwell. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) (citing Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) and Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. If Petitioner does not have access to cases cited herein that are reported on LexisNexis or Westlaw,

he should request copies from the Government.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir.

2009).


Dated: New York, New York
       June 10, 2011

                                        JAMES L. COTT
                                        United States Magistrate Judge




**Copies of this Order have been via Regular Mail to the following:**

Rodrigo Arbomeda-Arbomeda
56593-053
FCI Moshannon Valley
555 Geo Drive
Philipsburg, PA 16866

Christopher D. Frey
Assistant United States Attorney
United States Attorney's Office
One St. Andrews Plaza
New York, NY 10007

Hon. Richard J. Holwell