UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RODRIGO ARBOMEDA-ARBOMEDA,

                Plaintiff,

v.

UNITED STATES OF AMERICA,

                Defendant.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/12

09 Crim. 123 (LAP)

10 Civ. 7910 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

        Before the Court are two motions filed by Defendant Rodrigo Arboleda-Arboleda[1] in connection with his conviction for illegal reentry. First, in his "Motion to Correct a Clerical Error under F.R.C.P. § 36" [dkt. no. 11 in 09 Crim. 123], filed on September 15, 2010, Defendant argues that the failure of the Judgment docketed November 18, 2009 [dkt. no. 9 in 09 Cim. 123] to specify whether his federal sentence was concurrent or consecutive to his undischarged state sentence was a clerical error capable of correction pursuant to that rule. Second, on October 4, 2010, Defendant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 [dkt. no. 1 in 10 Civ. 7910] alleging ineffective assistance of counsel based on trial counsel's failure to request that Defendant's federal sentence run concurrently with his undischarged state sentence. Both motions are DENIED.

---

[1] Defendant is registered with the Bureau of Prisons ("BOP") under the last name Arboleda-Arboleda. Although he was technically indicted under the last name Arbomeda-Arbomeda, the indictment lists Rodrigo Arboleda-Arboleda as an alias. Because Defendant refers to himself as Rodrigo Arboleda-Arboleda in his moving papers, the Court uses his BOP-registered name.

With respect to the Rule 36 motion and passing whether the relief sought is available under this (or any other) procedural rule, the substantive question presented, viz., whether Defendant's federal question is consecutive or concurrent to the undischarged state sentence, has already been decided. In a well-reasoned Report and Recommendation dated June 10, 2011 on Defendant's § 2255 motion (the "R&R") [dkt. no. 15 in 09 Crim. 123; dkt. no. 5 in 10 Civ. 7910], Magistrate Judge James L. Cott determined that the sentence was consecutive. Even considering Defendant's Rule 36 motion as an objection to the R&R, he raises no arguments that call into question the correctness of Magistrate Judge Cott's conclusion. Furthermore, while the sentencing court had discretion whether to make Defendant's federal sentence consecutive or concurrent to his undischarged state sentence, the Court notes the presumption under 18 U.S.C. § 3584(a) that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Accordingly, Defendant's Rule 36 motion [dkt. no. 11 in 09 Crim. 123] is DENIED.

With respect to the § 2255 motion, Defendant filed timely objections to the R&R on June 23, 2011 [dkt. no. 6 in 10 Civ. 7910]. These objections are either repetitive of arguments Judge Cott fully considered before issuing the R&R or otherwise meritless. Finding it to be correct and appropriate upon de novo review, see Fed. R. Civ. P. 72(b), the Court hereby accepts the R&R. Accordingly, Defendant's § 2255 motion [dkt. no. 1 in 10 Civ. 7910] is also DENIED.

SO ORDERED.

Dated: New York, New York
April 24, 2012

_Loretta A. Preska_
UNITED STATES DISTRICT JUDGE

2